# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ABDULKADIR SHARIF ALI,           )
                                 )
                Petitioner,      )
                                 )
        v.                       )           1:22CV159
                                 )
TODD ISHEE, Secretary,           )
North Carolina Department of     )
Adult Correction,                )
                                 )
                Respondent.[1]   )

## ORDER

The Recommendation of the United States Magistrate Judge was filed with the Court in accordance with 28 U.S.C. § 636(b), (ECF No. 13), and, on January 30, 2023, was served on the parties in this action, (ECF No. 14). Respondent filed objections to the Magistrate Judge's Recommendation. (ECF No. 17.) The Court has appropriately reviewed the Magistrate Judge's Recommendation and has made a *de novo* determination in accord with the Magistrate Judge's Recommendation.[2] The Court therefore adopts the Magistrate Judge's Recommendation.

---

[1] On September 22, 2022, Governor Roy Cooper appointed Todd Ishee as Secretary of the North Carolina Department of Adult Correction. As a result, Todd Ishee automatically substitutes as Respondent in this matter. *See* Fed. R. Civ. P. 25(d).

[2] Respondent contends that, "when assessing a motion to dismiss a federal habeas petition, the [C]ourt 'may consider [the record of the state proceeding, including affidavits and evidence presented at trial] without having to convert [a] Rule 12(b)(6) motion to one for summary judgment.'" (ECF No. 17 at 6-7 (quoting *Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009)).) Respondent's argument glosses over the fact that *Walker* held that a district court may consider "material from the record of the state habeas proceeding" and "matters of public record such as documents from prior state court proceedings in conjunction with a Rule 12(b)(6) motion." *Walker*, 589 F.3d at 139 (emphasis added). Thus, the Court's ability to consider such materials without converting the motion to one for summary judgment turns on the fact that such materials form part of the

**IT IS THEREFORE ORDERED** that (A) that Respondent's Motion to Dismiss, (ECF No. 8), (i) is **DENIED** to the extent it relies on the defense of non-exhaustion, and (ii) is converted to a motion for summary judgment to the extent it challenges the merits of Petitioner's claim(s), (B) that summary judgment is **GRANTED** for Respondent as to Petitioner's bribery subclaim, but **DENIED** as to all of Petitioner's remaining subclaims, and (C) that this matter is set for an evidentiary hearing, with counsel appointed for Petitioner pursuant to Rule 8(c) of the Rules Governing Section 2254 Cases..

This, the 20th day of March 2023.

/s/ Loretta C. Biggs
United States District Judge

---

official record of state court proceedings and constitute a matter of public record. *See Leftwich v. Ames,* No. CV 5:22-206, 2022 WL 18213490, at *5 (S.D.W. Va. Dec. 9, 2022) (unpublished) ("The court may [ ] consider [ ] exhibits [attached to the petition] and matters of public record, such as documents from prior state court proceedings, in conjunction with a Rule 12(b)(6) motion without having to convert the motion to one for summary judgment." (emphasis added) (citing *Walker,* 589 F.3d at 139)), recommendation adopted, 2023 WL 131122 (S.D.W. Va. Jan. 9, 2023) (unpublished); *Chapman v. Warden, FCC Petersburg-Medium,* No. 1:21CV535, 2022 WL 16922473, at *4 (E.D. Va. Nov. 10, 2022) (unpublished) ("[T]he district court may consider the public records from [the] petitioner's court-martial proceedings without converting the motion into one for summary judgment." (emphasis added) (citing *Walker,* 589 F.3d at 139)); *Smith v. Director, Virginia Dep't of Corr.,* No. 7:14CV686, 2016 WL 867726, at *1 (W.D. Va. Feb. 1, 2016) (unpublished) ("The court may also consider the necessary state-court records, R. Gov. § 2254 Cases in U.S. Dist. Cts., Rule 5(c)– (d), and matters of public record in conjunction with a Rule 12(b)(6) motion." (emphasis added) (citing *Walker,* 589 F.3d at 139)), recommendation adopted, 2016 WL 950964 (W.D. Va. Mar. 4, 2016) (unpublished); *Mosby v. Solomon,* No. 5:15-HC-2026, 2015 WL 9958403, at *2 (E.D.N.C. Dec. 2, 2015) (unpublished) ("In ruling on a motion to dismiss, the court may consider the record of the state habeas proceeding, including affidavits and evidence presented in such proceedings, as well as other matters of public record." (emphasis added) (citing Walker, 589 F.3d at 139)), recommendation adopted, 2016 WL 438967 (E.D.N.C. Feb. 3, 2016) (unpublished). Respondent offers no authority for the proposition that the internal, non-public prison disciplinary documents attached to the Motion to Dismiss (*see* ECF No. 9-2), which include a non-certified, non-verbatim Record of Hearing that lacks any indicia the Disciplinary Hearing Officer took testimony under oath (*see id.* at 21-22), should meet the standard of *Walker.*