IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ABDULKADIR SHARIF ALI,            )
                                  )
            Petitioner,            )
                                  )
      v.                           )        1:22CV159
                                  )
TODD ISHEE,                        )
                                  )
            Respondent.            )

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (the "Petition"). (Docket Entry 1.) The Court converted Respondent's "Motion to Dismiss Pursuant to Rule 12(b)(6)" (Docket Entry 8; see also Docket Entry 9 ("Supporting Brief")) to a motion for summary judgment, denied that motion as to all but one subclaim, and ordered the Clerk to schedule an evidentiary hearing, see Ali v. Buffaloe, No. 1:22CV159, 2023 WL 2602004, at *15 (M.D.N.C. Jan. 30, 2023) (unpublished), recommendation adopted sub nom. Ali v. Ishee, 2023 WL 2600076 (M.D.N.C. Mar. 22, 2023) (unpublished) (Biggs, J.). Respondent thereafter submitted a filing entitled "Motion to Dismiss as Moot" ("Motion to Dismiss") (Docket Entry 19); see also Docket Entry 20 ("Supporting Brief")) and, despite receiving notice of his right to respond under Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) (Docket Entry 21), Petitioner did not submit a response in opposition to Respondent's Motion to Dismiss (see Docket Entries dated Mar. 29, 2023, to

present).  For the reasons that follow, the Court should grant Respondent's Motion to Dismiss.

## I. Background

On August 8, 2014, a jury in the Superior Court of Guilford County found Petitioner (and his co-defendant) guilty of attempted robbery with a dangerous weapon, conspiracy to commit robbery with a dangerous weapon, assault with a deadly weapon inflicting serious injury, and first degree burglary in cases 13 CRS 100094, 100098, 10099, and 14 CRS 24118.  See State v. Sheikh, No. COA-15-688, 786 S.E.2d 433 (table), 2016 WL 1744651, at *1 (N.C. App. May 3, 2016) (unpublished).  The trial court sentenced Petitioner to three consecutive prison sentences of 59 to 83 months, 59 to 83 months, and 23 to 40 months.  See id. at *2.[1]

On February 23, 2021, a Disciplinary Hearing Officer ("DHO") at the Caledonia Correctional Institution (where Petitioner was serving his sentences for the underlying convictions described above) convicted Petitioner after a hearing of disciplinary offenses "A-99" in reference to "A-03" for attempted assault on prison staff, "B-03" for tampering with a locking device, and "B-25" for disobeying a direct order.  (See Docket Entry 1, ¶¶ 1-7.)

---

[1] The North Carolina Court of Appeals found no error in Petitioner's convictions and sentences, Sheikh, 2016 WL 1744651, at *2, the North Carolina Supreme Court denied Petitioner's petition for discretionary review ("PDR"), State v. Sheikh, 369 N.C. 39 (2016), and the United States Supreme Court denied Petitioner's petition for a writ of certiorari, Ali v. North Carolina, ___ U.S. ___, 137 S. Ct. 1218 (2017).  After the trial court denied Petitioner's Motion for Appropriate Relief collaterally challenging his convictions and sentences, this Court dismissed with prejudice Petitioner's action under 28 U.S.C. § 2254 attacking his underlying convictions and sentences without issuance of a certificate of appealability.  See Ali v. Hooks, No. 17CV1034, 2018 WL 3421338, at *1 (M.D.N.C. July 13, 2018) (unpublished), recommendation adopted, slip op. (M.D.N.C. Sept. 4, 2018) (Biggs, J.).

-2-

As a result of those convictions, the DHO sentenced Petitioner to, inter alia, 30 days in restrictive housing for disciplinary purposes ("RHDP") (see id., ¶ 3), and loss of 120 days of sentence reduction credits (see id. at 15).[2]  Thereafter, prison officials denied Petitioner's appeal and upheld his disciplinary convictions and sentences.  (See id., ¶ 9.)

Petitioner subsequently submitted his Petition to this Court seeking restoration of the 120 days of sentence reduction credits he lost as part of his prison disciplinary sentence.  (See id. at 15.)  Respondent moved to dismiss both on grounds of nonexhaustion and on the merits (Docket Entry 8; see also Docket Entry 9 ("Supporting Brief")), and the Court converted Respondent's motion to a motion for summary judgment, found genuine issues of material fact remained on both fronts, and denied Respondent's motion as to all but one subclaim, see Ali, 2023 WL 2600076 (adopting Ali, 2023 WL 2602004).  Respondent subsequently filed his instant Motion to Dismiss on grounds of mootness (Docket Entry 19; see also Docket Entry 20 ("Supporting Brief")), and Petitioner failed to responded in opposition (see Docket Entries dated Mar. 29, 2023, to present).

## II. Ground for Relief

The Petition alleges "Due Process violations secured by The 14th Amendment to The U.S. Constitution" (Docket Entry 1, ¶ 12 (Ground One) (stray parenthesis omitted)), in that "staff at the prison obstructed [his] defense by tampering/destroying witness

---

[2] Throughout this Recommendation, pin citations refer to the page numbers in the footer appended to those materials at the time of their docketing in the CM/ECF system.

-3-

statements," "Sergeant Riddick bribed the two offenders with cake," the DHO "denied [the two offenders] as witnesses without stating a reason as to why," Petitioner "was not allowed to refute any 'evidence,' or shown any evidence that was used against [him]," he "was denied camera footage that had exculpatory value," and he "was not allowed to speak by [DHO] who failed to be fair and impartial" (id., ¶ 12 (Ground One)(a)).

### III. Discussion

Respondent moves to dismiss the Petition on grounds of mootness, because "the North Carolina Department of Adult Correction has chosen to restore to Petitioner his lost 120-days sentencing reduction credits at issue in this case." (Docket Entry 20 at 3.) In support of that argument, Respondent proffers the Affidavit of Joshua Panter, "the Director of Operations for the North Carolina Department of Adult Correction, Division of Prisons." (Docket Entry 20-2, ¶ 2.) In that Affidavit, Mr. Panter avers that, "[i]n order to avoid further litigation, [Prisons Administration] ha[s] determined to restore to [Petitioner] the 120 days of earn times credits that were placed at issue in th[e P]etition." (Id., ¶ 3.) Mr. Panter attached to his Affidavit "database print-out[s] that reflect[] that, on March 27, 2023, 120 days' time ha[d] been restored to [Petitioner] in order to restore the credits lost due to the A99, B-03, and B-25 violations that took place on February 11, 2021" (id., ¶ 4; see also Docket Entry 20-3 at 2-4 (database print-out showing Petitioner's "SENTENCE CREDITS/PENALTIES" and "RELEASE DATE CALCULATION" before

-4-

restoration of 120 days' sentencing reduction credits); Docket Entry 20-4 at 2-4 (database print-out reflecting Petitioner's "SENTENCE CREDITS/PENALTIES" and "RELEASE DATE CALCULATION" after "void[ing]" loss of those 120 days)). As a result of the restoration of the 120 days' sentencing reduction credits, Respondent contends that "federal habeas corpus relief is no longer available in this prison disciplinary case." (Docket Entry 20 at 3 (citing Wolff v. McDonnell, 418 U.S. 539, 557-58 (1974), Rasul v. Buffaloe, No. 1:21CV311, Docket Entry 28 at 2 (M.D.N.C. Feb. 10, 2023) (Peake, M.J.), recommendation adopted, slip op. (M.D.N.C. Mar. 8, 2023) (Biggs, J.), and Holtz v. Richards, 779 F. Supp. 111, 113 (N.D. Ind. 1991)).)

Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for mootness. See CGM, LLC v. BellSouth Telecomm'ns, Inc., 664 F.3d 46, 52 (4th Cir. 2011). "The doctrine of mootness constitutes a part of the constitutional limits of federal court jurisdiction," Porter v. Clarke, 852 F.3d 358, 363 (4th Cir. 2017) (brackets omitted), which extends only to actual "Cases" and "Controversies," U.S. Const. art. III, § 2, cl. 1. In that regard, "[w]hen a case or controversy ceases to exist — either due to a change in the facts or the law — 'the litigation is moot, and the court's subject matter jurisdiction ceases to exist also.'" Id. (quoting South Carolina Coastal Conservation League v. U.S. Army Corps of Eng'rs, 789 F.3d 475, 482 (4th Cir. 2015)). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate," Lewis v. Continental

-5-

Case 1:22-cv-00159-LCB-LPA   Document 22   Filed 05/01/23   Page 5 of 7

Bank Corp., 494 U.S. 472, 477 (1990), and "[t]he parties must continue to have a personal stake in the outcome of the lawsuit," id. at 478 (internal quotation marks omitted).

As Respondent "challenges the existence of subject matter jurisdiction in fact, [Petitioner] bears the burden of proving the truth of such facts by a preponderance of the evidence." U.S. ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009). In determining whether Petitioner has met that burden, the Court must "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

Respondent's materials demonstrate that Petitioner has already obtained the relief he seeks in his Petition, i.e., restoration of the 120 days' sentencing reduction credits he lost as a result of conviction of the A99, B-03, and B-25 offenses on February 23, 2021. (See Docket Entries 20-2, 20-3, & 20-4.) Accordingly, the Court should dismiss the Petition as moot. See Prator v. Neven, No. 2:10CV1209, 2013 WL 3297173, at *1 (D. Nev. June 28, 2013) (unpublished) ("Due to the restoration of the 90 days of good time credit, [the] petitioner's claims are moot, and the petition is dismissed with prejudice on this basis."); Holtz, 779 F. Supp. at 113 ("[T]he petitioner has received the remedy he sought in his habeas petition, restoration of the forty-five (45) days of good time credit he lost as a result of the defective prison

-6-

disciplinary hearing in 1988[, and t]herefore, his petition is moot." (capitalization omitted)).

### IV. Conclusion

**IT IS THEREFORE RECOMMENDED** that Respondent's Motion to Dismiss (Docket Entry 19) be granted, that the Petition (Docket Entry 1) be dismissed as moot.

> /s/ L. Patrick Auld
> **L. Patrick Auld**
> **United States Magistrate Judge**

May 1, 2023

-7-

Case 1:22-cv-00159-LCB-LPA   Document 22   Filed 05/01/23   Page 7 of 7